welcome counsel this case is Delade v. Cargan number 19-1908 and we'll hear from counsel from appellant first mr. Skowrinski will you be reserving time for rebuttal yes your honor I'd like to reserve three minutes for rebuttal that's granted and we will I will be timing as I hope you'll do as well so we can sort of be on the same page here okay but you may proceed thank you your honors may it please the court Michael Skowrinski from the Pennsylvania Office of Attorney General on behalf of Trooper Cargan your honors this court has jurisdiction over this interlocutory appeal because we are raising three pure questions of law any one of which if resolved in our favor entitles Trooper Cargan to summary judgment based on qualified immunity those three reasons under the two-prong qualified immunity standard are as follows under the first prong there is no viable constitutional violation because the district clerk granted summary judgment on the fourth amendment claim and delayed sole remaining 14th amendment claim for what amounts to essentially an unlawful pretrial detention is not legally recognized under the second prong first a 14th amendment claim for an unlawful pretrial detention is an uncertain theory of liability which under this courts decisions and Kedra and Sowers also entitles Trooper Cargan to summary judgment and alternatively Trooper Cargan did not violate clearly established law so beginning with the constitutional violation your honor in cases such as Graham and Albright US Supreme Court has said that where there's a particular amendment that provides explicit textual protection against a particular government evasion that amendment and not the more generalized notion of due process has to be the guide and the reason that is is because responsible decision-making in the uncharted area of due process is scarce is excuse me open-ended is open-ended and instead we have to look to we know the process that's due and we know the guideposts in the Fourth Amendment and that's not to be charged in anything less than the Fourth Amendment and in that case in this case we have probable cause satisfying each of the elements of arrest prior to requisition the problem for mr. delayed is that his claim fails under the Fourth Devin Peck so he there was probable cause for each of the elements but in Devin Peck in cases from this court like Barna and right versus City of Philadelphia is so long as there's probable cause for any one charge it doesn't have to be probable cause for any of them just one moment your honor your honors now I recognize that my adversary is relying on cases such as all Z and black for the proposition that there's a viable 14th Amendment claim here but those cases involved criminal defendants who actually went to trial and were either acquitted and or convicted and the two reasons why this court recognized the standalone 14 amendment right in that in those cases would be for two reasons they were concerned this quote was concerned about the corruption of the trial process and second that there wouldn't be a viable remedy because as this court said in Halsey by the time of trial the Fourth Amendment is in the rearview mirror but this is a four-day detention so problem so let me ask you a question counsel um where's the temper where does the temporal line exist between the Fourth Amendment and the 14th amendment I think this court in Halsey and black didn't exactly chisel that I think that was the words use we don't we haven't we haven't chiseled finally where that where that's going to be cut for lack of a better word but in Manuel it's clear that it can't be during it can't be during the pretrial detention and in case like Manuel you have a 48-day detention here's a four-day and Manuel the court said you can't a Fourth Amendment claim is not converted into due process simply why is that why is that any less offensive or objectionable if in fact there was fabrication assuming there was fabrication here why why is the temporal limit the trigger as to whether the 14th Amendment claim 14th Amendment claim would exist I think again goes back to the fact that there's an explicit textual protection that we know the process that's due and that's not to be charged anything less than than probable cause and in fact that's the process that mr. delayed invoked in his own complaint if you look at page 133 of his joint of our joint appendix paragraph 128 he says evidence was fabricated and therefore probable cause is lacking so I think that we just it's a it's a much easier process that we know is due one that's easily applied for police officers and for the courts that it's probable cause and and not this more I think it's judge Souter said a more amorphous standard in that in well even justice Alito in dissent right said that he agrees the Fourth Amendment continues to apply after the start of legal process up to the initial appearance so could we say that the bright line according to the Supreme Court is the initial appearance or the state law equivalent well I mean I was obviously the dissent your honor and again I think in that case we men well did have an initial appearance there's a probable cause determination by the court there and we didn't get to that point here I think we got to the judge made a determination that these elements I agree with you I don't think we got to the point of the state law equivalent of an initial appearance I'm just saying if we're trying to chisel the line would that be an appropriate of an appropriate place since both the majority and the dissent in Manuel agreed at least that far I'm not sure I read it the same way in the majority agreeing at the initial appearance your honor I don't know if they chiseled a lot chiseled it there so finally I think they left it for another day and I just wanted to also point out that after Manuel the Seventh Circuit read Manuel also as as as depriving a pretrial detainee of a 14th amendment due process claim in fact there's language in Lewis that says all 1983 claims for a wrongful pretrial detention whether based on fabricated evidence or some other defect sounds in the Fourth Amendment circuit all right okay let me that's that is some strong support for your position I acknowledge but you'll acknowledge that Manuel was a Fourth Amendment case and the Supreme Court talked about the Fourth Amendment remedy and when it applied I mean why should we extrapolate from that without some other language and in that case or others that there isn't a separate 14th amendment due process claim available the two individuals like mr. Carter your honor I think that the court and Manuel addressed both the fourth and the 14th amendment because there was this sort of idiosyncratic law in the Seventh Circuit that said once there's been a initial appearance or a probable cause determination then it becomes one based on becomes a malicious prosecution based on due process and then the Supreme Court did discuss that that doesn't convert a Fourth Amendment claim into a due process so I understand that they were talking more about the Fourth Amendment but they did address whether a 14th amendment claim is viable I think and I think that's just how the Seventh beyond the 14th amendment and just one other thing I want to point out to this court obviously is a non-precedential cases but they're both cited in my brief Wheeler and Bradley both applied Albright in this kind of context where was a pretrial detention and said you can't plead both substantive due process and and the Fourth Amendment claim I understand under Pearson this court has a distraction under to address either or both prongs of the qualified immunity and this court has further subdivided that second prong into two prongs itself and the first prong of that is whether there's a certain theory of liability and this just goes back to the argument I previously made that a 14th amendment due process claim for an unlawful pretrial detention is an uncertain theory of liability that's Sowers and Kedrid with that language and I think if your honor's just follow the same what the district court said here it kind of claim is just to quote a few things here unsettled the law is unsettled in a state of flux the Third Circuit has yet squarely addressed this and that the court would have to potentially expand the holdings of the Third Circuit I think if you just follow that language based on Sowers and Kedrid trooper cargons entitled summary judgment just on that basis the other prong is whether a clearly established theory of liability when applied to a tax gave the office a fair notice our position is that trooper Cargan had probable cause satisfying each of the elements of arrest prior to requisition yeah but and that let's go I understand what you're saying sort of after the fact here they there's no question in this case that Cargan called the about the extradition work you you acknowledge that the second part of dollars that for we've ignored his purpose of summary judgment yes yes the second part of this is that the record appears to show that the affiance on the initial criminal complaint which was filed to get the arrest warrant for officer Carter would you acknowledge that as to the record yes and yes I think the record supports that okay so here if that's a fabrication if that's a fabrication of the record how can we hold that a pretrial to date detainee like the law today has not had his due process rights under the 14th Amendment violated in some way because that's what you're asking us you're saying you're saying there's there was probable cause for the Fourth Amendment which the magistrate judge and the district judge found but the 14th Amendment claim even if it even a fabrication occurred has to fall by the wayside isn't that a bad precedent for us to be setting well I think you're honest that again this is an intent to extradite that that particular issue about calling down and making the request went to the intent of Florida to extradite and that's simply not an element of arrest prior to requisition and I understand that but I was intent was the key is in this case is that the officers who signed the affidavit for the criminal complaint didn't know because of Cargan's conversation with the sheriff in Florida that Florida wasn't going to extradite this guy because it was merely a misdemeanor and their parent position is we've got enough of those cases and we're not spending any money on going getting misdemeanors misdemeanors who didn't show up isn't that a key part of this case and in fact the fabrication to which there should be some remedy for mr. Carter well well two points are on a first I have to point out that there was probable cause for another offense here and that was the gun charge and again we're not getting the benefit of Devon Peck here because of this 14th Amendment shift to the 14th Amendment claim the police had other reasons to arrest him not just for the extradition but also because he was a fugitive carrying a gun out in the open so it's not just that he called down there and and and got the warrant changed there were other reasons to arrest him to me it sounds to me though that this whole thing of finding that there was a different section was a little bit after the fact and my don't we have driving not my point is driving to the fact do we want to encourage this kind of fabrication by law enforcement and and and deprive an individual in Cargill's position with the 14th Amendment remedy well again your honor there are cases I don't think it violates clearly established law so of course your honor's could say in a case like this that he violated that now it's a violation of clearly established law but this is sort of a novel situation and the cases that we've cited such as Boyce and Thompson and Jones all I think gave Mr. Trooper Cargan a reasonable basis to believe that his conduct was not illegal because in those cases those courts said intent to extradite is not a matter of constitutional magnitude and it doesn't invalidate a valid arrest it doesn't invalidate an arrest because it's not an element so I would just point your honor's to those three cases Jones Thompson and Boyce as providing Trooper Cargan a basis to believe in fact in Jones that's a Sixth Circuit non-president non-presidential case but the officers there at the bottom of the NCI's printout said confirm with the originating agency and they didn't do that there and they arrested the defendant there anyway and you could almost look at that as like a willful blindness refusing to contact the other agency so I think there's an analogous situation to that case in this case and at least gives Trooper Cargan a reasonable basis to believe that what he did didn't violate clearly established law. Counselor your time's about up but I'm gonna ask my colleagues Judge Porter, Judge Fischer anything more? No. Okay no Fischer okay thank you we'll hear you on rebuttal then and now we'll hear from you. Thank you. May it please the court my name is Danielle Mulcahy I'm with the firm of Wright Arena and Mulcahy and we represent Donald Delayed who is the appellee in this case. Untenable is defined as not capable of being defended against attack or criticism and I think Judge Fischer hit the nail on the head with some of his questions to opposing counsel regarding the possibility and the black court stressed this but there would be an untenable possibility that there would not be a redressable constitutional violation when a state actor uses fabricated evidence in a criminal proceeding if the plaintiff could not prove the elements of a malicious prosecution case specifically the lack of probable cause for the prosecution and that's exactly what we have here. We have the untenable possibility that an officer would fabricate evidence and use that evidence to secure the arrest and detention of a citizen in order to question that citizen extensively for another crime. Well now following up with what Judge Fischer asked your your friend across the aisle wasn't there an alternate basis to to arrest him? Yes and that was a misdemeanor offense that would have allowed him to post bail and be released immediately as would if he had been stopped with the in-state warrant on the record as it existed before Trooper Cargan called Florida. The officers in Florida would call up someone and determine that there is an in-state warrant for that person's arrest they would contact state confirm that and they would release that individual because they would instruct them go take care of that warrant but they're not going to take them into custody knowing that that state is not going to come and retrieve that individual and so going back to the black case I think the key issue here is does the manual decision abrogate black and halloween you know counsel argues that it does but specifically the manual case was a fourth amendment case that plaintiff never made a claim under the 14th amendment and the only issue before the court was does that fourth amendment claim go through the pretrial detention process and the court answered yes it does now there is a passing reference by the Supreme Court in a footnote regarding the 14th amendment and the fact that I this this type of claim is more appropriately characterized as a fourth amendment claim but they never indicate that a 14th amendment claim cannot be filed under those circumstances and counsel referenced the Seventh Circuit case of Lewis but I would like to point out the Fifth Circuit case of Colby Carson and if we go back to the black case when they were determining that you could have a fabrication of evidence claim even if that individual did not go to trial they cited with approval the Fifth Circuit decision in Colby Carson that was back in in 2016 but the Colby Carson case had gone on appeal several times and specifically in 2019 and this the federal third four four when that case went up on appeal on another issue the appellants the officer said we want you to revisit your decision allowing a 14th amendment fabrication claim in light of Manuel does not allow that claim now and specifically the Fifth Circuit denied that stating Manuel does not hold that the Fourth Amendment provides the exclusive basis for a claim asserting pretrial detention based on fabricated evidence and that was also consistent with a prior Fifth Circuit case that came down shortly after Manuel jouch versus Choctaw County and that's at 8 7 4 f 3rd 425 and again the Fifth Circuit found Manuel cannot be read to mean as defendants contend that only the Fourth Amendment is available to a pretrial detainee so I don't believe that Manuel forecloses a 14th amendment claim in this circumstance nor does it abrogate and I think the black and hall's in cases specifically contemplate that there would be there could be a claim for a 14th amendment due process claim for fabrication of evidence if but for that evidence that individual would not have been charged I asked your adversary is there a line that exists between a Fourth Amendment and a 14th amendment claim in this context I think the courts are clear that the 14th amendment due process is protected throughout the entire judicial process and specifically you're saying process you can bring either a fourth or a 14th amendment claim during a pretrial whatever happens pretrial you're okay with either yes and would apply but in those circumstances where you do not have a fourth amendment claim which is exactly what blacks spoke to about this untenable possibility and I think that's why these cases allow the 14th amendment fabrication claim even prior to you know the trial process and there are numerous district court cases within the Third Circuit that have confirmed that and applied that since came down in Burke for Lee and hoser the district court noted that because they couldn't tell if the individual had ever been charged could not evaluate if there was a 14th amendment claim it was prior to a trial occurring again in Castellani versus City of Atlantic City the district court found that black case did not require the plaintiff to face trial in order to establish a 14th amendment violation and again in the Western District case of the Fort versus Burr Worthington just decided last year the court recognized that there could be a 14th standalone due process claim even prior to when the individual went to trial so I think under this case law and particularly you know the black case that this is exact type of situation that the courts were contemplating where due process should be protected because fabrication of evidence in and of itself is a violation of constitutional rights all right doesn't let's assume you can establish a constitutional violation but mr. Scarrinci argued is his third prong that you know how can we say that this constitutional violation have been clearly established prior to the time of mr. Cargins arrest well I think your honor I think you look at the Halsey court which stated and that was a 2012 decision which court the Halsey okay versus Pfeiffer yes the 2012 case and the court in Halsey said that use of fabricated evidence in order to secure the detention arrest or detention of an individual has been clearly established going back to the mid 80s I think the issue here is that mr. trooper Cargan is attempting to specifically define the constitutional right as the right to have to not have someone contact another agency and provide false information to persuade them to change their extradition status and then fail to provide that information to arresting officers who would have acted otherwise if they had that information do you continue to assert that we don't have jurisdiction over certain of mr. Scarrinci's arguments yeah I do believe that the court's order is not a final order your honor I believe this is not a pure question of law that the court decided the district court the district court made numerous factual determinations and relied upon resolution of fact in order to make the determination that they did and I think the adversary saying we're willing to for purposes of this motion and this I guess we'll go with what facts you alleged correct so doesn't that leave it just to legal issues then there's not really a factual issue at this juncture right well I think there is a factual issue regarding the fabrication whether there was fabrication of evidence I think if you're conceding that we'll I mean put it bluntly we'll agree with your set of facts for purposes of this I think if you agree that there was fabrication of evidence and I think that there is no question that that was a recognized established right to be free from that type of violation at the time trooper Cargan acted as he did okay when I go back to the manual question you know there's a case we haven't talked about a Third Circuit case that postdates Manuel Janice Janice V Cox didn't we say in that case that a form of legal process results in pretrial detention and supported by probable cause then that's only cognizable under the Fourth Amendment not the 14th yeah I think we're in that case your honor the you think it's just limited to probable cause I do under the Fourth Amendment I think if if the Fourth Amendment is not available due to the lack of probable cause I think established law in this circuit even post Manuel is that there is a viable 14th Amendment fabrication claim okay and I think going back to whether the qualified immunity is available due to whether this is a recognizable violation I would just like to point out that again even if we wanted to get into the weeds with trooper Cargan and look at specifically what he did I think all you have to do is look at the other officers testimony as to whether a reasonable officer would know that what trooper Cargan did was wrong and unlawful those troopers all testified that they would not have done what he did that it was not appropriate to do what he did and that one even said legal so I think that is evidence of what a reasonable officer how they would look at this particular situation and the question I mean it begs the question as to if trooper Cargan did not believe he was doing anything improper why did he withhold what he did why did he withhold that information from the arresting officers and from the two officers who prepared the affidavit of probable cause he knew that they were going to rely upon that changed extradition status status which may have been technically accurate based on what the NCIC database said but it was not in reality accurate at all it was at all times it remained an in-state no extradition status because Florida was not coming to get mr. delay they told trooper Cargan that trooper Cargan knew that it's replete in their documents so what is the intent to extradite an element of the crime under section 9 1 3 4 in Pennsylvania no no they could have taken him into custody and determined whether the state was going to come and get him as a practical matter your honor he would not have been held a magistrate is not even going to issue an arrest warrant for someone with a probation violation in another state that's not extraditable it's a waste of resources what would have happened is what the troopers testified would have happened would happen they would instruct him to go take care of this issue that you have in Florida and you know clear that up and they would not take him into custody because he would have been immediately released because no one was coming to get him the only reason this this extradition status was changed so that he could be retained in custody for an extended period of time and questioned about the Blooming Grove shootings there's absolutely no other reason that that was done and and that was the reason that was conveyed by trooper Cargan to escape the account we want to hold him regarding another matter is there really any difference between what Cargan is alleging and what manual alleged in that case because in paragraphs 121 122 123 126 and 128 if you're a lot his complaint he seems to suggest that the violation he was being charged with and detained is that he was being detained without probable cause now that sounds to me that he's alleging a Fourth Amendment claim it makes him very similar to manual well he didn't meant we did allege a Fourth Amendment claim as well as the Fourteenth Amendment claims your honor and the difference in manuals that they didn't never alleged a Fourteenth Amendment claim because I guess my understanding is under that particular state's law they could not allege a fourth 14th Amendment claims and and unfortunately because of the state of the law mr. delayed does not have a Fourth Amendment claim because there was probable cause for this firearm but isn't isn't your client alleging that his claim is that the formal legal process his arrest the charge and the detention was unsupported by probable cause isn't that essentially what he's alleged yes he did allege that okay so it doesn't doesn't that sounds to me like it's a an allegation of a violation that lies in the Fourth Amendment so I wonder how you can argue that there really is a distinction between your client and mr. manual manual as as the in the Seventh Circuit well in both cases in our case there was no problem cause the Fourth Amendment claim was dismissed and Manuel there was probable cause there was not probable cause so that claim was allowed to proceed when you look at our case we're in the exact again the situation that black described the black case described you could have a situation where someone can't pursue a probable cause but yet fabricated evidence caused their detention their arrest intention and would not have otherwise caused that basically we have we have two claims that were pled in the alternative and the Fourth Amendment claim was dismissed but that doesn't mean that the 14th Amendment claim is not viable you know judge cigars would know black as well as anyone since he was distinguishable from Halsey because it turned on an acquittal versus a conviction and that was really the main point that that the 14th Amendment claim survives notwithstanding the outcome of the trial I don't but I don't see the significance of black for a case like this and where we're dealing with pretrial issues well the black court you know repeatedly referred to the it does not limit itself to a case that has specifically gone to the trial do you think black would have been written the same way if it were decided after Manuel rather than before I don't think so not no I don't think so not after as the Manuel decision did not abrogate it it doesn't change black and it's holding I firmly believe that so you're actually over time I guess I'll ask my colleagues whether they have any other questions at this time judge Porter anything else no sir okay judge Fisher no okay you're on Thank You count thank you your honor just a couple quick points I know I heard counsel say discuss several times about what other officers testified in this case I don't think those officers were as sure as counsel makes them out to be I'd ask your honors just to take a look at for example officer Roman at JA 481 he didn't know if it was legal or illegal he there was another officer who testified that Trevor Cargan is an extradition guy and he would know better and the fact is lieutenant Blake here who made the change did that and he said he didn't know of any law or internal policy that prevented him from doing so though isn't this isn't this counterproductive for you no no you're on it up we're not getting two facts because this goes to to me it sounds like councils talking about clearly established law the officers can't establish clearly established law their their particular viewpoints about what the state of the law is or what isn't isn't relevant the only thing that matters is what is the case law say and which leads me to my second point several times I've heard counsel said talk about they're not being a addressable constitutional violation here quoting from black but the reason there's not a redressable violation here is because there was probable cause for the gun charge and that's why the Fourth Amendment claim was dismissed and why there shouldn't be any viable claim here I also just want to point out that Halsey and black are not analogous precedent for purposes of clearly established law those fact those the facts in those cases are quite different from the facts here we don't have an extradition charge in there we don't have probable cause for an extradition we don't have something that's committed to the discretion of another agency to determine whether to extradite or not those are cases about falsified confessions falsified evidence they're simply not analogous this court has said the precedent has to be very specific we've seen that in cases like Wesby by Judge Thompson by Judge Thomas and this court in Spady how detailed the particular facts have to be and the judge here in the district court simply didn't particularize any facts judges said Mr. DeLay has the right to be free from the use of fabrication and initiation of prosecution there are no facts in that in that characterization of of what the clearly established law is and I think the cases we've cited Jones Boyce and are are are close to our case at least to give mr. Chupacargan a reasonable basis and the truth is I haven't heard anything either from counsel in a brief or an argument that cites to in a case that is factually analogous to this one because there simply isn't there is not a robust consensus of persuasive authority that showed Chupacargan's conduct was illegal here so for all these reasons your honors I'd ask that you reverse and grant summary judgments to Chupacargan based on qualified immunity all right thank you counsel do my colleagues have any questions did Judge Porter no Judge Fisher no okay great thank you we thank counsel for their excellent briefing an excellent argument here we'll take the case under advisement